Michael Elsner, Esq.
NY Bar # ME8337
Mary Schiavo, Esq.
Motley Rice LLC
7 Dey St., 14th Floor
New York, NY 10007
Phone: +1 212.577.0040
Attorneys for Plaintiff

**09 . 3077**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 17 2009 ★
BROOKLYN OFFICE

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

COGAN, J.

| | | |
|---|---|---|
| **RAYMOND HAMBLIN** | ) | CIVIL ACTION No. |
| **Plaintiff,** | ) | **COMPLAINT** |
| **vs.** | ) | |
| **BRITISH AIRWAYS PLC** | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, RAYMOND HAMBLIN, individually and in his own right, and also on behalf of his wife and family, by and through the undersigned counsel brings this Complaint against Defendant BRITISH AIRWAYS PLC upon information and belief, and alleges as follows:

### JURISDICTION

1. Jurisdiction over this claim and the Defendant, BRITISH AIRWAYS PLC, (hereinafter "BA") exists pursuant to 28 U.S.C. § 1331 under a treaty of the United States of America, the Convention for the Unification of Certain

Rules For International Carriage by Air, signed at Montreal, Canada, on May 28, 1999.

2.   Furthermore, this court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs. Diversity exists at the time of commencement of this action because Plaintiff, RAYMOND HAMBLIN, resides in Washington State with his wife and family and Defendant BA, a foreign corporation, maintains an office at 7520 Astoria Boulevard, Suite 200, East Elmhurst, NY, 11370, and was conducting substantial business in and had sufficient contacts for this Court to exercise jurisdiction.

## VENUE

3.   Venue in this district satisfies the requirements of § 1391 in that, as set out in paragraph two, Defendant BA conducts substantial business in and is subject to personal jurisdiction in this district.

## NATURE OF THE CAUSE OF ACTION

4.   This is an action for damages on behalf of the Plaintiff, RAYMOND HAMBLIN, for personal injuries suffered during the crash landing of BA Flight 8456 at London City airport (hereinafter "LCY") on February 13, 2009.

## FACTUAL ALLEGATIONS

5.   On or about February 13, 2009, Defendant BA was a common carrier which operated a certain aircraft as BA Flight 8456 (hereinafter the "accident flight"), offering non-stop service between Amsterdam and London

City Airport.  At all times relevant to this Complaint, Defendant BA owned, operated, and supervised the accident flight through its agents, employees and contractors.

6.   On or about February 13, 2009, Plaintiff was a passenger onboard the accident flight engaged in international travel pursuant to a ticket purchased in the United States of America.

7.   On or about February 13, 2009, the accident flight landed at LCY, where Plaintiff was to connect with another aircraft on the way to his final destination of Seattle, Washington.

8.   Upon landing at LCY, the nose gear of the AVRO RJ100 aircraft used to operate the accident flight collapsed.

9.   When the nose gear collapsed, the passengers heard a loud bang; the accident aircraft careened down the runway on its nose and came to an abrupt stop and the passenger cabin filled with smoke.

10.  In order to escape the accident aircraft that was filled with dense smoke, the passengers were evacuated out of the rear of the aircraft.

11.  At all times relevant herein, Defendant BA through its agents, servants, employees and/or representatives, failed to provide adequate exit supervision.

12.  Due to inadequate cabin crew instruction and supervision, passengers evacuated the accident flight from the rear of the smoke-filled cabin instead of the front of the cabin which was close to the ground.

3

13. Because the nose gear had collapsed, the escape slide at the rear of the cabin was positioned at a very acute, near vertical angle.

14. When Plaintiff exited the accident aircraft, he was thrown off the near vertical escape slide, injuring his forearm, neck and back.

15. Plaintiff suffered from smoke inhalation and other physical injuries due to the negligence of the common carrier BA.

16. Defendant BA had experienced other similar incidents of landing gear malfunctions on AVRO RJ-100 aircraft including one at LCY on February 9, 2009.

17. Defendant BA knew, should have known, or in the exercise of due care, would have known, of the risk of serious injury occurring to persons when the undercarriage of an aircraft collapses upon landing.

18. Defendant BA knew, should have known, or in the exercise of due care, would have known, of the risk of serious injury occurring to persons from smoke inhalation during emergency evacuation.

19. Defendant BA knew, should have known, or in the exercise of due care, would have known, of the risk of serious injury occurring to persons from exiting by escape slides during emergency evacuation.

20. Defendant BA knew, should have known, or in the exercise of due care, would have known, of the risk of serious mental trauma occurring to persons when experiencing the structural failure of the undercarriage of an aircraft upon landing at the conclusion of an international flight, when

4

experiencing a smoke-filled cabin and emergency evacuation and when injured in an airplane crash landing.

21. In addition to Plaintiff's immediate injuries, the consequential effects of the accident have caused further medical conditions directly resulting from the physical injuries sustained by the Plaintiff. These include, but are not limited to, respiratory injuries from smoke inhalation, Post Traumatic Stress Disorder, anxiety disorders, sleep deprivation, mood swings, and a fear of flying that prevents the Plaintiff from doing any work or business related air travel.

22. Due to the severity of Plaintiff's injuries, he and his wife and family have expended and continue to expend sums for medical treatment and other therapy; have suffered and continue to suffer severe pain and suffering, emotional distress, loss of enjoyment of life and have sustained and will continue to sustain loss of income, and other injuries and damages to himself, his wife and his family including but not limited to loss of services, support, help and assistance, advice and guidance, and other economic losses, loss of consortium, companionship, comfort, care, assistance, presence, protection, society and confidence, as well as suffering, grief, anguish and/or emotional trauma.

23. Due to the inability of the Plaintiff to resume flying, a direct result of the trauma experienced in the crash landing of February 13, 2009, Plaintiff was terminated from his position of employment with the Global Practices Group of Microsoft, Inc. effective July 4, 2009.

24. Defendant BA, as a common carrier, owed the highest degree of care to all persons aboard its aircraft and owed a duty to all persons aboard the accident flight to exercise the highest degree of care to prevent injury of any kind, including injury as a result of known dangers from inadequate safety measures. As a direct and proximate result of its willful misconduct, BA is liable for the damages sustained by Plaintiff and his wife and family and they are therefore entitled to recover such damages to the extent allowed under the applicable Federal law.

## COUNT I
## NEGLIGENCE OF BA

25. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 24.

26. At all times relevant, it was the duty of BA, by and through its agents and employees to exercise the highest degree of care in the operation, control, and supervision of the accident flight for the safety and security of its passengers.

27. The events alleged herein which occurred on the runway at LCY, on or about February 13, 2009, constituted an accident or unexpected unusual event that was external to Plaintiff as a passenger under the applicable provisions of the Montreal Convention.

28. Defendant BA is liable for the injuries and damages to Plaintiff and his wife and family because the accident that caused Plaintiff's injuries and

6

damages occurred on board a BA aircraft, as provided by Article 17 of the Montreal Convention.

29. The limitations on recoverable damages contained in Article 22 of the Montreal Convention do not apply because the damages to the Plaintiff arose due to the negligence or other wrongful act or omission of BA, its servants, and its agents.

30. As a direct and proximate result of the foregoing, Plaintiff and his wife and family are entitled to recover damages alleged herein and Defendant BA is liable for compensatory and consequential damages in a sum within the jurisdiction of this Court.

31. The failure of BA to provide reasonable safety measures to protect its passengers constitutes a breach of its duty to those passengers, including the Plaintiff.

32. The injuries suffered by Plaintiff and his wife and family were a direct and proximate result of Defendant BA's breach of duty, negligence, gross negligence, and willful misconduct in the ownership, supervision and operation of the subject flight. The personal injuries suffered by Plaintiff, and the damages suffered by his wife and family as a result of his injuries, were proximately caused by the negligence of BA.

33. As a result of BA's negligence, Plaintiff suffered severe physical injuries, and he and his wife and family suffered emotional trauma directly related to his physical injuries, experienced a loss of income and incurred substantial medical expenses and continues to suffer and incur those injuries

and expenses, and other losses and injuries entitling them to damages in an amount to be determined at trial.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff RAYMOND HAMBLIN, on behalf of himself, and his wife and family, having complained of the negligence of Defendant BA, prays for relief commensurate with the cause of action set forth herein, including but not limited to an award for actual damages in an amount to be determined by the trier of fact to be sufficient to compensate fully for all losses suffered by RAYMOND HAMBLIN, his wife and his family, including but not limited to economic losses, pain and suffering, loss of services, guidance, care, comfort and assistance, emotional trauma, loss of consortium and companionship, reasonable attorney's fees, the cost of this action, and such additional relief as this Court deems equitable, just and proper.

Respectfully submitted,

MOTLEY RICE, LLC

By:

Michael Elsner, Esq.
NY Bar # ME8337
Mary Schiavo, Esq.
7 Dey St., 14th Floor
New York, NY 10007
Phone: +1 212.577.0040
Facsimile: +1 212.577.0044
ffitzpatrick@motleyrice.com
mschiavo@motleyrice.com

DATED:    July 17, 2009